| | |
|---|---|
| 1 | JESSICA I. ROTHSCHILD, SBN 278712 |
| | STEPTOE LLP |
| 2 | 1330 Connecticut Ave., NW |
| | Washington, DC 20036 |
| 3 | |
| | One Market Plaza |
| 4 | Steuart Tower, 10th floor |
| | Suite 1070 |
| 5 | San Francisco, CA 94105 |
| 6 | 415 365 6700 |
| 7 | CHRISTOPHER S. NIEWOEHNER (*pro hac vice* to be filed) |
| | STEPTOE LLP |
| 8 | 227 W. Monroe, Suite 4700 |
| | Chicago, IL 60606 |
| 9 | 312 577 1240 |
| 10 | |
| | Attorneys for Plaintiff, |
| 11 | META PLATFORMS, INC. |

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| META PLATFORMS, INC., a Delaware Corporation, | | Case No. |
| *Plaintiff*, | | |
| v. | | **COMPLAINT FOR BREACH OF CONTRACT** |
| SHENZHEN YUNZHENG TECHNOLOGY CO., LTD., a Chinese Corporation, | | **DEMAND FOR JURY TRIAL** |
| *Defendant*. | | |

Plaintiff Meta Platforms, Inc. ("Meta") alleges the following:

## INTRODUCTION

1.  Since at least October 2023 and continuing through at least March 2025, Defendant Shenzhen Yunzheng Technology Co., Ltd. ("Shenzhen Yunzheng Tech") operated and facilitated a deceptive and misleading advertising scheme on Facebook and Instagram. In furtherance of the scheme, Shenzhen Yunzheng Tech ran ads on Facebook and Instagram, including ads featuring

the name and image of celebrities and public figures (collectively, "celebrities"). The celebrities who Shenzhen Yunzheng Tech featured in these ads did not consent to Shenzhen Yunzheng Tech's use of their name or image. To trick users into clicking on these ads, Shenzhen Yunzheng Tech created, and caused to be created, a false association between the products and services promoted in the ads and the celebrities featured in those ads. These types of unauthorized ads are known as a "celeb-bait." When Facebook and Instagram users clicked on one of Defendant's ads, the users were redirected from Facebook and Instagram to a third-party website where the users were prompted to engage with various fraudulent schemes, including investment scams apparently aimed at stealing money and personal information from unknowing individuals.

2. Shenzhen Yunzheng Tech's unauthorized actions violated Meta's Terms of Service that govern the use of Facebook ("Meta's Terms"), the Instagram Terms of Use (the "Instagram Terms"), Meta's Commercial Terms ("Meta's Commercial Terms"), Meta's Advertising Standards ("Meta's Ad Standards"), Meta's Self-Serve Advertising Terms ("Meta's Self-Serve Ad Terms") (collectively, "Meta's Terms and Policies"), and California law. Accordingly, Meta now brings this action for a permanent injunction to prohibit Shenzhen Yunzheng Tech from accessing and using Facebook and Instagram; to stop Shenzhen Yunzheng Tech from continuing its fraudulent ad scheme, including its celeb-bait scheme; and to recover compensatory damages.

**PARTIES**

3. Meta is a Delaware corporation with its principal place of business in Menlo Park, California. Meta owns and operates Facebook and Instagram.

4. Defendant Shenzhen Yunzheng Technology Co., Ltd. is a Chinese corporation registered on or about February 6, 2023, with a principal address in Longhua District, Shenzhen, China. As alleged herein, Shenzhen Yunzheng Tech used Meta's ad services to run deceptive and fraudulent ads, including by using celeb-bait to entice users to click on its ads.

**JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and countries, and the amount in controversy exceeds $75,000.

6. The Court has personal jurisdiction over Shenzhen Yunzheng Tech because it created or caused to be created, controlled, and used multiple Facebook and Instagram accounts and ran ads on Facebook and Instagram and thereby had notice of and agreed to the Meta Terms and Instagram Terms, which contain a forum selection clause that requires Shenzhen Yunzheng Tech to submit to the jurisdiction of the U.S. District Court for the Northern District of California or a state court located in San Mateo County.

7. The Court also has jurisdiction because Shenzhen Yunzheng Tech purposefully availed itself of Meta's California-based services and directed its conduct at Meta in California by repeatedly running ads on Facebook and Instagram in violation of Meta's Terms and Policies, including ads containing celeb-bait. Defendant purposefully directed, and caused to be directed, more than 500 deceptive and misleading ads at Facebook and Instagram users in California, and Facebook and Instagram users in California clicked on those ads. Meta's claims arise directly from and relate to these California contacts.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) as the threatened and actual harm to the Plaintiff occurred in this district. Additionally, by agreeing to the forum selection clause, Shenzhen Yunzheng Tech agreed that venue in this District is proper.

9. Pursuant to Civil L.R. 3-2(c), this case may be assigned to either the San Francisco or Oakland division because Meta is located in San Mateo County.

## **FACTUAL ALLEGATIONS**

**A.    Background on Meta**

10. Meta owns and operates Facebook, which is an online service available on computers and mobile devices that helps give people the power to build community, share life's moments and discuss what is happening, and discover and connect to interests through Feed, Reels, Stories, Groups, Marketplace, and more.

11. Meta also owns and operates Instagram, which is a free photo and video sharing service and mobile application. Instagram users can upload photos and videos to Instagram and share them with others. They can also view, comment, and like posts shared by others on Instagram.

**B.    Advertising on Facebook and Instagram**

12. At all relevant times, businesses and individuals with a Facebook or Instagram account could place ads on Facebook and Instagram.

13. To publish an ad on Facebook, an advertiser must agree to Meta's Terms, Meta's Commercial Terms, Meta's Ad Standards, and Meta's Self-Serve Ad Terms. To advertise on Instagram, an advertiser must additionally agree to the Instagram Terms. Advertisers are also subject to Meta's Community Standards and the Instagram Community Guidelines, including because they are incorporated by reference into Meta's Terms and the Instagram Terms. Where an agent places an ad on an advertiser's behalf, the agent must "have the authority to and will bind the advertiser to" Meta's Terms and Policies.

14. Businesses and individuals access Meta's Business Manager service to create and manage ad accounts used to publish ads on Facebook and Instagram. Using Business Manager, these businesses and individuals control creation, access, and administrative rights for their ad accounts; provide payment to Meta; and otherwise oversee their business activities on Facebook and Instagram. Once a user has created ad accounts, they can access Meta's Ads Manager service to manage their ad campaigns. Using these ad accounts, businesses and individuals can publish ads to Facebook and Instagram.

15. Meta can take a range of enforcement actions against an advertiser who violates Meta's Terms and Policies, including banning an ad account from running ads or disabling Facebook and Instagram accounts associated with an advertiser.

**C.    Meta's and Instagram's Terms and Policies**

  **1.    Meta's Terms**

16. At all relevant times, everyone who used Facebook, including for advertising, was required to agree to Meta's Terms (available at https://www.facebook.com/terms.php) and other rules that govern access to and use of Facebook, including Meta's Community Standards.

17. At all relevant times, Meta's Terms prohibited, among other things, violations of Meta's Community Standards (see https://transparency.meta.com/policies/community-standards),

Meta's Ad Standards (see https://transparency.meta.com/policies/ad-standards/), and Meta's Commercial Terms (see https://facebook.com/legal/commercial_terms).

18. At all relevant times, Meta's Terms prohibited users from doing or sharing anything "that is unlawful, misleading, discriminatory or fraudulent (or assists someone else in using our Products in such a way)."

19. At all relevant times, Meta's Terms also prohibited users from doing anything to "impair the proper working, integrity, operation, or appearance of our services, systems, or Products."

### 2. The Instagram Terms

20. At all relevant times, everyone who used Instagram agreed to the Instagram Terms (see https://help.instagram.com/581066165581870) and other rules that govern access to and use of Instagram, including the Meta's Community Standards.

21. At all relevant times, the Instagram Terms prohibited users from doing "anything unlawful, misleading, or fraudulent or for an illegal or unauthorized purpose."

22. At all relevant times, the Instagram Terms also prohibited users from doing "anything to interfere with or impair the intended operation of [Instagram]."

### 3. Meta's Commercial Terms, Ad Standards, and Self-Serve Ad Terms

23. At all relevant times, Meta's Commercial Terms applied to access or use of Meta products for a business or commercial purpose, including "using ads, selling products," and "managing a Page."

24. At all relevant times, businesses and individuals accessing Meta's services through another user's accounts were bound by Meta's Commercial Terms. Meta's Commercial Terms required a user to ensure that any third party on whose behalf they access or use any Meta product for any business or commercial purpose will abide by the applicable terms of use, including the Commercial Terms, Meta's Terms, and any applicable supplemental terms, and to represent and warrant that they have the authority to bind that third party to such terms.

25. At all relevant times, the Commercial Terms also required that access to or use of Meta products for business or commercial purposes complies with all applicable laws, rules, and regulations.

26. At all relevant times, Meta's Ad Standards applied to ads and commercial content served by or purchased through Meta, ads appearing within apps on Meta (e.g., Facebook), and ads on Instagram.

27. At all relevant times, Meta's Ad Standards prohibited ads promoting products, services, schemes, or offers using deceptive or misleading practices, including those meant to scam people out of money or personal information, or to drive engagement. Additionally, Meta's ad standards prohibited "[u]s[ing] the image of a famous person and misleading tactics in order to bait people into engaging with an ad."

28. At all relevant times, Meta's Self-Serve Ad Terms applied to advertising on Meta's services and the use of Meta tools and technologies (such as self-service advertising interfaces and APIs) for the creation, submission, and/or delivery of any advertising or other commercial or sponsored activity or content. Meta's Self-Serve Ad Terms state that ads must comply with all applicable laws, regulations, and guidelines, as well as Meta's Ad Standards, and that failure to comply may result in a variety of consequences, including cancellation of ads and termination of accounts.

29. At all relevant times, businesses and individuals accessing Meta's services through another user's accounts were bound by Meta's Self-Serve Ad Terms. Meta's Self-Serve Ad Terms required a user to ensure that any third party on whose behalf they run ads (or cause ads to be run) abide by the applicable terms of use, including the Commercial Terms, Meta's Terms, and any applicable supplemental terms, and to represent and warrant that they have the authority to bind that third party to such terms.

**B.   Shenzhen Yunzheng Tech Agreed to Meta's Terms and Policies**

30. At all relevant times, by and through its employees and agents, Shenzhen Yunzheng Tech had notice of and was bound by Meta's Terms and Policies by virtue of its access to and use

of Meta's advertising interfaces and services, directly or by its agents on its behalf, to deliver, or cause to be delivered, ads to Facebook and Instagram users.

31.   For example, Shenzhen Yunzheng Tech created or caused to be created multiple Business Manager accounts, including a Meta Business Manager account named "Shenzhen Yunzheng Technology Co., Ltd." that Shenzhen Yunzheng Tech created or caused to be created on or about August 8, 2023. As part of this account creation process, and Shenzhen Yunzheng Tech's ongoing use of Facebook and Instagram to run ads or cause ads to be run, Shenzhen Yunzheng Tech agreed to and was bound by Meta's Terms and Policies.

32.   Beginning in at least August 2023, Shenzhen Yunzheng Tech, acting through its employees and agents created, or caused to be created advertising accounts associated with its Business Manager accounts. When creating advertising accounts, the requester must agree to Meta's Commercial Terms and Self-Serve Ad Terms before account creation can be completed or the account is used to place ads. Where a party creates, or causes to be created, advertising accounts through an agent, the agent is required to do so with the authority to bind the party to Meta's Commercial Terms and Self-Serve Ad Terms.

33.   In connection with creating, or causing these accounts to be created, and placing its ads, Shenzhen Yunzheng Tech affirmed, either directly or through its agents, its agreement to Meta's Terms and Policies within the Business Manager and Ads Manager interfaces.

**E.    Shenzhen Yunzheng Tech's Fraudulent Celeb-Bait Scheme**

34.   Beginning no later than August 2023 and continuing through at least April 2025, Shenzhen Yunzheng Tech operated and facilitated a scheme on Facebook and Instagram using fraudulent celeb-bait ads that targeted users in the United States and Japan, among other countries. As part of its scheme, Shenzhen Yunzhen Tech used the names and images of celebrities, without authorization, to entice users who viewed the ad to engage with various fraudulent schemes, including investment scams apparently aimed at stealing money and personal information from unknowing individuals.

35.     Beginning no later than August 2023 and continuing through at least April 2025, Shenzhen Yunzheng Tech placed, or caused to be placed, more than 1,000 celeb-bait ads on Facebook and Instagram.

36.     Shenzhen Yunzheng Tech also attempted to place, or caused to be placed, many more fraudulent celeb-bait ads on Facebook and Instagram that Meta's ad integrity measures, detected and removed before they could be viewed by Facebook or Instagram users.  For example:

    a.     As shown in Figure 1 below, on or about April 18, 2025, Shenzhen Yunzheng Tech attempted to place, or caused to be placed, a fraudulent celeb-bait ad on Facebook and Instagram using the name and image of Elon Musk.  The fraudulent ad was directed at users in the United States and promoted a fraudulent investment scheme promising that "we will ensure that your rate of return exceeds 69.5% and we will bear full responsibility for any losses incurred."  On or about April 18, 2025, Meta's ad integrity systems identified this ad as violating Meta's Terms and Policies and prevented it from being shown to Facebook and Instagram users.

**Figure 1 - April 18, 2025 Shenzhen Yunzheng Tech ad attempt
using the name and image of Elon Musk**



b.　　As another example, on or about March 13, 2025, Shenzhen Yunzheng Tech placed, or caused to be placed, a fraudulent celeb-bait ad on Facebook and Instagram using the image of Warren Buffet. The fraudulent ad was directed at users in the United States and promoted a fraudulent investment scheme promising to "grow your wealth" using a system with "an accuracy rate of up to 96%," "uncover the secrets of blockchain success," and "experience an incredible

120% surge in just 3 days" related to purported investment opportunities worth "an extra $100,000 per month." On or about March 14, 2025, Meta's ad integrity systems removed this ad in relation to violations of Meta's Terms and Policies and prevented it from being shown to Facebook and Instagram users.

   c. As another example, on or about March 10, 2025, Shenzhen Yunzheng Tech placed, or caused to be placed, a fraudulent celeb-bait ad on Facebook and Instagram using the image of Kevin O'Leary. The fraudulent ad was directed at users in the United States and promoted a fraudulent investment scheme promising "50+ top investment ideas tailored for success" to secure "10-30% potential returns" and purporting to show Mr. O'Leary promising that "[i]f you don't make a million dollars by joining my community[, c]ontact me and my assistant [and] I will give you 500 grams of gold." On or about March 10, 2025, Meta's ad integrity systems removed this ad in relation to violations of Meta's Terms and Policies and prevented it from being shown to Facebook and Instagram users.

   d. As shown in Exhibit 1 attached to this Complaint, which includes a true and correct translation to English of the original Japanese-language copy, on or about January 9, 2024, Shenzhen Yunzheng Tech published, or caused to be published, a fraudulent celeb-bait ad on Facebook and Instagram using the name and image of Yusaku Maezawa, a Japanese entrepreneur. The fraudulent ad was directed at users in Japan and promoted a fraudulent investment scheme that promised users "highly accurate stock information for free" and "high-dividend investment strategy that allows even ordinary office workers to earn 455,000 yen in daily dividends and accumulate assets of 100 million yen!"

   e. As shown in Exhibit 2 attached to this Complaint, which includes a true and correct translation to English of the original Japanese-language copy, on or about January 10, 2024 Shenzhen Yunzheng Tech published or caused to be published another fraudulent celeb-bait ad on Facebook and Instagram using an image of Yusaku Maezawa. The fraudulent ad was targeted at users in Japan and promoted an investment scheme that promised users a "investment advice and stock trading information completely free of charge."

37. Shenzhen Yunzheng Tech created and published, or caused to be created and published, nearly 300 additional ads featuring Yusaku Maezawa's name or image targeting users in Japan.

38. Because of fraudulent celeb-bait ads using Yusaku Maezawa's name and/or image, such as ads published or caused to be published by Shenzhen Yunzheng Tech, Yusaku Maezawa filed a litigation against Meta and Facebook Japan in Tokyo District Court.

39. In addition to Yusaku Maezawa, Shenzhen Yunzheng Tech published, or caused to be published, ads on Facebook and Instagram that were targeted at users in Japan and featured the names and pictures of, among others, the following celebrities:[1]

    a. Fuyuko Mori, who is known for providing saving and investment advice on her YouTube channel. For example, on or about January 9, 2024, Shenzhen Yunzheng Tech published or caused to be published a fraudulent celeb-bait ad featuring a picture of Fuyuko Mori that promised "highly accurate stock information for free."

    b. Atsuhiko Nakata, who performs as part of a comedy duo known as "Oriental Radio." For example, on or about January 8, 2024, Shenzhen Yunzheng Tech published or caused to be published a fraudulent celeb-bait ad featuring a picture of Atsuhiko Nakata that began "Hello! My name is Atsuhiko Nakata." The fraudulent ad continued as if in the voice of Nakata, promising users "I will tell you about a stock investment method with a 99% success rate."

    c. Hiroyuki Nishimura, a famous internet entrepreneur. For example, on or about October 24, 2023, Shenzhen Yunzheng Tech published or caused to be published a fraudulent celeb-bait ad featuring a picture of Hiroyuki Nishimura that begins "Hello everyone, this is [Hiroyuki] Nishimura." The ad goes on as if in Nishimura's voice telling users that Nishimura "started the 'Hiroyuki Nishimura Community,'" which users can join to get, among other things, a "free investment course" and stock tips.

40. On information and belief, none of the celebrities or public figures depicted in Shenzhen Yunzheng Tech's fraudulent celeb-bait ads consented to Shenzhen Yunzheng Tech's use of their name or image. Instead, Shenzhen Yunzheng Tech purposely created a deceptive and

---

[1] The ads described in this paragraph were published in Japanese and have been translated into English.

false association between its ads and the celebrities in order to entice Facebook and Instagram users to click on the ads.

### F.  Meta's Enforcement Action Against Shenzhen Yunzheng Tech

41. Between November 2023 and January 2026, Meta disabled ads and accounts associated with Shenzhen Yunzheng Tech and its fraudulent conduct to prevent violations of Meta's Terms and Policies.

## FIRST CAUSE OF ACTION

### (BREACH OF CONTRACT)

42. Plaintiff realleges and incorporates by reference all preceding paragraphs here.

43. Since at least October 2023, Shenzhen Yunzheng Tech, including by and through its employees and agents, created, controlled, and used Facebook and Instagram accounts, advertising accounts, and other accounts to place ads on Facebook and Instagram, and thereby received notice of, agreed to, and was bound by Meta's Terms and Policies. Meta's Terms and Policies constitute valid and enforceable agreements between Meta and Shenzhen Yunzheng Tech.

44. Meta performed all conditions, covenants, and promises required of it in accordance with Meta's Terms and Policies, including by providing access to Facebook and Instagram and related advertising tools and technologies.

45. Shenzhen Yunzheng Tech breached Meta's Terms, including by violating provisions that prohibit users from (a) doing "anything unlawful, misleading, discriminatory or fraudulent (or assists someone else in using our Products in such a way);" and (b) doing anything to "impair the proper working, integrity, operation, or appearance of our services, systems, or Products." Shenzhen Yunzheng Tech breached Meta's Terms by placing deceptive and misleading ads on Facebook that used the names and images of celebrities without their consent thereby creating a false association between the products and services promoted in the ads and the celebrities featured in those ads.

46. Shenzhen Yunzheng Tech breached the Instagram Terms, including by violating provisions that prohibit users from (a) doing "anything unlawful, misleading, or fraudulent or for an illegal or unauthorized purpose" and (b) doing "anything to interfere with or impair the intended

operation of [Instagram]." Shenzhen Yunzheng Tech breached the Instagram Terms by placing deceptive and misleading ads on Instagram that used the names and images of celebrities without their consent thereby creating a false association between the products and services promoted in the ads and the celebrities featured in those ads.

47. Shenzhen Yunzheng Tech breached Meta's Advertising Standards, including provisions prohibiting advertisers from using (a) "the image of a famous person and misleading tactics in order to bait people into engaging with an ad" and (b) "deceptive means – such as wilful misrepresentation . . . – to either scam or defraud users and businesses, or to drive engagement." Shenzhen Yunzheng Tech breached Meta's Advertising Standards by placing deceptive and misleading ads on Facebook and Instagram that willfully misrepresent the association between the products and services promoted in the ads and celebrities depicted in those ads in order to entice users to click on the ads.

48. Shenzhen Yunzheng Tech breached Meta's Self-Serve Advertising Terms, including provisions requiring that "ads must comply with all applicable laws, regulations, and guidelines, as well as our Advertising [Standards]." Shenzhen Yunzheng Tech breached Meta's Self-Serve Ad Terms by placing deceptive and misleading ads on Facebook and Instagram in violation of Meta's Advertising Standards.

49. As a result of Shenzhen Yunzheng Tech's breaches, Meta has suffered damages in an amount to be proven at trial and in excess of $75,000, including damages attributable to the efforts and resources Meta used to investigate and remediate Shenzhen Yunzheng Tech's conduct and the costs associated with defending litigation against Meta caused, at least in part, by Shenzhen Yunzheng Tech's deceptive and misleading ads.

50. Shenzhen Yunzheng Tech's acts as alleged herein also constitute unjust enrichment of Shenzhen Yunzheng Tech at Meta's expense. Shenzhen Tech received a benefit and profited by violating Meta's and Instagram's Terms and Policies and misleading Meta's users with its fraudulent ad scheme, including its fraudulent celeb-bait ads. But for Shenzhen Tech's violations of the Meta and Instagram Terms and Policies, it would not have obtained such profits.

51. Meta has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law, and which will continue unless Shenzhen Yunzheng Tech's actions are enjoined.

## **REQUEST FOR RELIEF**

WHEREFORE, Meta requests that the Court enter judgment against Shenzhen Yunzheng Technology Co., Ltd. as follows:

1. Shenzhen Yunzheng Tech has breached its contracts with Meta in violation of California law;

2. A permanent injunction enjoining Shenzhen Yunzheng Tech, its officers, agents, servants, employees, affiliates, successors, and assigns, and all persons acting in concert or participation with any of them, from:

   a. Accessing, attempting to access, or using Facebook or Instagram;

   b. Creating, maintaining, using or controlling, directly or indirectly, any Facebook or Instagram user accounts, advertising accounts, business accounts, or Facebook Pages; and

3. An award of compensatory damages in an amount to be proven at trial;

4. Pre-judgment and post-judgment interest as allowed by law;

5. Meta's reasonable attorneys' fees and costs where permitted by law or contract; and

6. Such other and further relief as the Court deems just and proper.

**PLAINTIFF RESPECTFULLY DEMANDS A JURY TRIAL.**

Dated: February 26, 2026                    Respectfully submitted,

/s/ Jessica I. Rothschild
Jessica I. Rothschild
Email: jrothschild@steptoe.com
STEPTOE LLP
1330 Connecticut Ave., NW
Washington, DC 20036

202 429 1370

One Market Plaza
Steuart Tower,
10th floor
Suite 1070
San Francisco, CA 94105
415 365 6700

Christopher S. Niewoehner
(*pro hac vice* to be filed)
Email: cniewoehner@steptoe.com
STEPTOE LLP
227 W. Monroe Street
Suite 4700
Chicago, IL 60606
312 577 1240

Attorneys for Plaintiff META PLATFORMS, INC.

COMPLAINT